UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN RAY HOLMES, | Case No. 3:22-cv-00086-LRH-CSD |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Of the three grounds in the petition, one ground is redundant to one or more grounds in an already existing action, and the court cannot give habeas corpus relief on the remaining two grounds because they are outside the core of habeas corpus. The court thus denies the petition.

Holmes also has filed a motion for appointment of counsel. The court denies the motion because the petition is without merit on its face.

The court starts with the redundant ground, ground 3. The court takes judicial notice of Holmes v. Nevada Department of Corrections, Case No. 3:21-cv-00364-MMD-CSD ("Holmes I"). Petitioner Holmes was convicted of one count of first-degree murder with the use of a deadly weapon and one count of attempted murder with the use of a deadly weapon. For first-degree murder, the state district court sentenced Holmes to life imprisonment with the possibility of

1 parole plus an equal and consecutive term of life imprisonment with the possibility of parole for
2 the use of a deadly weapon.  For attempted murder, the state district court sentenced Holmes to
3 imprisonment for 20 years plus an equal and consecutive 20 years for the use of a deadly weapon.
4 The sentences for attempted murder run concurrently with the sentences for first-degree murder.
5 Holmes I, Ex. 57 (ECF No. 13-12).  In ground 3, Holmes alleges that in 2020 the Nevada
6 Department of Corrections adjusted his sentence structure such that he was serving part of the
7 sentence of one count consecutive to the sentence of the other count.  Holmes raises the same
8 claim in Holmes I, making ground 3 redundant to that action.  The court thus dismisses ground 3
9 in favor of the earlier commenced action.

10 The other two claims are not addressable in federal habeas corpus.  In ground 1, Holmes
11 alleges that he is subject to an impermissibly retroactive requirement that he pay restitution while
12 he is incarcerated.  In ground 2, Holmes alleges that he is subject to an impermissibly retroactive
13 requirement that he submit a biological sample.  Neither of these claims, if successful, would
14 result in a speedier release from custody or a change in the level of custody.  They are outside the
15 core of habeas corpus.  As such, they are not addressable in federal habeas corpus.  Assuming that
16 relief in federal court is available, such relief would need to be through a civil rights action under
17 42 U.S.C. § 1983.  Nettles v. Grounds, 830 F.3d 922, 930-31 (9th Cir. 2016) (en banc).  Grounds
18 1 and 2 are facially without merit.

19 Reasonable jurists would not find the court's conclusions to be debatable or wrong, and
20 the court will not issue a certificate of appealability.

21 IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of
22 habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1
23 and 1-2.

24 IT FURTHER IS ORDERED that that the clerk add Aaron Ford, Attorney General for the
25 State of Nevada, as counsel for respondents.

26 IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior
27 filings to the Attorney General in a manner consistent with the clerk's current practice, such as
28 regeneration of notices of electronic filing.

IT FURTHER IS ORDERED that no response by the Attorney General is necessary.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: February 16, 2022.

_____
LARRY R. HICKS
United States District Judge

3